FILED
United States Court of Appeals
Tenth Circuit

September 25, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENCH CIRCUIT

JAMES A. PENN, JR.,

      Petitioner - Appellant,

v.

SAM KLINE, Warden, Hutchinson
Correctional Facility; and
ATTORNEY GENERAL OF
KANSAS,

      Respondents - Appellees.

No. 09-3117
(D. Kan.)
(D.Ct. No. 5:08-CV-03267-SAC)

---

### ORDER DENYING CERTIFICATE OF APPEALABILITY
### AND DISMISSING APPEAL

---

Before **HARTZ**, **McKAY**, and **O'BRIEN**, Circuit Judges.

      James Penn, Jr., a state prisoner appearing pro se and *in forma pauperis*, seeks to appeal from the district court's dismissal of his 28 U.S.C. § 2254 petition for habeas corpus.[1] The district court concluded the petition was time-barred and Penn was not entitled to equitable tolling. We agree the petition was untimely and deny his request for a certificate of appealability (COA).

---

[1] We liberally construe Penn's pro se filings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

## I. BACKGROUND

Penn was convicted in Kansas state court on one count of first degree murder, two counts of attempted aggravated robbery, one count of aggravated assault and one count of criminal possession of a firearm. He was sentenced to a term of life imprisonment plus 192 months. On June 1, 2001, the Kansas Supreme Court affirmed Penn's conviction and sentence. Penn did not file a petition for writ of certiorari with the United States Supreme Court. His conviction became final on August 30, 2001, when the time to file a petition expired. *See Clay v. United States*, 537 U.S. 522, 532 (2003). Absent equitable tolling, the one-year period of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1)(A), ran on August 30, 2002.

Almost one year later, on August 29, 2003, Penn filed a motion for post-conviction relief in Kansas state court. He withdrew the action on September 26, 2003. On June 30, 2004, he filed a second motion for post-conviction relief in state court, which was denied on January 20, 2005. The Kansas Court of Appeals affirmed on May 5, 2006. The Kansas Supreme Court denied review on September 22, 2008.

On October 20, 2008, Penn filed a 18 U.S.C. § 2254 petition for habeas corpus in federal district court. The respondents moved to dismiss the petition because it was not filed within the AEDPA limitations period. Penn

acknowledged his petition was untimely but argued he was entitled to equitable tolling because he received ineffective assistance of counsel from his post-conviction attorney, Sarah Cato. He explained that on October 18, 2001, his wife hired Cato to pursue post-conviction remedies on his behalf. He claims Cato "agreed to facilitate the filing of a state habeas corpus action . . . ." (R. Vol. I at 121.) He alleges:

> As time went by, [I] was not contacted by [Cato], nor was anything filed in the courts to preserve the time, [I] made numerous attempts to contact [Cato] and retrieve [my] trial records and [my] payment that [I] made so [I] could attempt to hire another attorney to timely preserve [my] filing rights either in the State Courts or in the Federal Courts.

(*Id.* at 27.) On November 6, 2002, Penn's wife sent a letter to Cato demanding she immediately withdraw from the case and refund all amounts paid. On November 26, 2002, Penn's wife filed a police report against Cato. On October 8, 2005, the Missouri Bar Association held a hearing regarding Penn's claim against Cato. Following the hearing, the Missouri Bar Client Security Fund Committee reimbursed Penn $5,720. Cato was subsequently disbarred. Penn argued "Cato's performance fell even beyond egregious misconduct, into illegal activity. Beyond unethical attorney to scam artist."[2] (*Id.* at 125.)

---

[2] A local newspaper reported on the allegations against Cato's law practice. *See* Bruce Rashton, *Teflon Tiller*, RIVERFRONT TIMES, Oct. 30, 2002, *available at* http://www.riverfronttimes.com/2002-10-30/news/teflon-tiller/ (last visited July 21, 2009).

The district court concluded Penn was not entitled to equitable tolling. It acknowledged Penn "describe[d] egregious conduct" but explained: "[B]ecause there is no constitutional right to counsel in a post-conviction action, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." (*Id.* at 158 (quotations omitted)).[3] The district court denied Penn's application for a COA.

## II. DISCUSSION

"[A] state prisoner must obtain a COA to appeal the denial of a habeas petition, whether such petition was filed pursuant to § 2254 or § 2241, whenever the detention complained of in the petition arises out of process issued by a State court." *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000) (quotations omitted). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court dismissed Penn's petition on procedural grounds, he must demonstrate both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of

---

[3] The district court also rejected Penn's argument he was entitled to equitable tolling on account of actual innocence. Penn does not pursue that argument here.

the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Penn does not contest his petition was filed outside the one year limitations period. Thus, the question presented is whether the district court erred in denying Penn's claim for equitable tolling. We review a district court's decision to deny equitable tolling for an abuse of discretion. *Fleming v. Evans*, 481 F.3d 1249, 1254 (10th Cir. 2007). Equitable tolling applies only in "rare and exceptional circumstances." *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) (quotations omitted). "Generally, equitable tolling requires a litigant to establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quotations omitted). A petitioner has the burden of establishing that equitable tolling should apply. *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

As the district court correctly noted, there is no constitutional right to counsel beyond the first appeal of right. *See Pennsylvania v. Finley*, 481 U.S. 551, 555-56 (1987). However, in *Fleming*, we held "sufficiently egregious misconduct on the part of a habeas petitioner's counsel may justify equitable tolling of the AEDPA limitations period." 481 F.3d at 1256. Fleming hired counsel to represent him in state post-conviction proceedings. He subsequently

made a number of inquiries as to the status of his petition and was told each time it was being prepared and would soon be filed. Aware the statute of limitations deadline was approaching, Fleming ultimately took matters into his own hands and drafted a petition with the help of a prison clerk, which he submitted to his counsel for review and filing. However, counsel did not file it until after the AEDPA deadline had passed. We concluded Fleming "ha[d] alleged enough facts to warrant, at a minimum, an evidentiary hearing to determine whether he is entitled to equitable tolling." *Id.* at 1256-57. We noted Fleming was alleging more than "mere negligence" on the part of his attorney. *Id.* at 1256. Instead, he claimed his attorney "deceived him into believing that he was actively pursuing Mr. Fleming's legal remedies when, in fact, he was not." *Id.*

Assuming the facts Penn alleged in his petition and in opposition to the motion to dismiss are true, Cato's failure to communicate with Penn and, ultimately, her failure to file a petition for post-conviction relief in state court, may have been sufficiently egregious to equitably toll the limitations period—but not indefinitely. The limitations period began to run on August 30, 2001, and was possibly tolled from October 18, 2001, the date Cato was retained, until, at the latest, November 6, 2002, when Penn's wife sent a letter to Cato demanding she immediately withdraw from the case and refund all amounts paid. At that point, Penn was no longer relying upon his attorney and, unlike the petitioner in *Fleming*, could no longer have been misled by his attorney's actions (or lack

-6-

thereof).

Penn argues: "After Ms. Cato's termination [he] still diligently pursued justice in his case by contacting the courts, seeking help from the midwest innocence project, and by attempting to file a pro se action himself, even though he had no materials to work from." (Opening Br. at 10-11.). We disagree. From November 6, 2002, Penn waited more than nine months, until August 29, 2003, to file a pro se motion for post-conviction relief in state court. He withdrew that motion on September 26, 2003, and waited an additional nine months, until June 30, 2004, to file a subsequent motion. Considering the time that elapsed before Penn hired Cato and the time that elapsed after the Kansas Supreme Court denied review of Penn's state court motion for post-conviction relief, his federal habeas petition was 283 days late. *See* Attachment A. Penn's delay of almost nine and one-half months does not establish the diligence required for equitable tolling.

Because his petition is barred by AEDPA's statute of limitations, we **DENY** Penn's request for a COA and **DISMISS** this matter.

> **Entered by the Court:**
>
> **Terrence L. O'Brien**
> United States Circuit Judge

| DATE | ACTION | DAYS REMAINING | DAYS LATE |
|---|---|---|---|
| **August 30, 2001** | Penn's conviction became final, limitations period begins to run | 365 | |
| **October 18, 2001** | Penn's wife retains Cato, limitations period tolled | 317 | |
| **November 6, 2002** | Penn's wife demands Cato's withdrawal, limitations period restarts | 317 | |
| **August 29, 2003** | Penn files motion for post-conviction relief in state court, limitations period tolled | 22 | |
| **September 26, 2003** | Penn withdraws motion for post-conviction relief, limitations period restarts | 22 | |
| **June 30, 2004** | Penn files second motion for post-conviction relief in state court, limitations period tolled | | 255 |
| **September 22, 2008** | Kansas Supreme Court denies review of Penn's motion for post-conviction relief, limitations period restarts | | 255 |
| **October 20, 2008** | Penn files federal habeas petition | | 283 |